NORTH AMERICAN FUND MANAGE-
MENT CORPORATION, et al.,
Plaintiffs,

v.

FEDERAL DEPOSIT INSURANCE
CORPORATION, Defendant.

Civ. A. No. 91–2271.

United States District Court,
District of Columbia.

Jan. 10, 1992.

Thomas L. Holzman, Washington, D.C., for defendant.

## MEMORANDUM

GESELL, District Judge.

This matter is before the Court on defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment, plaintiffs' opposition thereto, and defendant's reply. The briefs are supported by documents and declarations. There are no material facts in dispute. The Court has federal question and declaratory judgment jurisdiction.

### Background

Plaintiff, North American Fund Management Corporation ("Noramtrust"), acting as fiduciary for two sisters, Berta Maria Bremond ("Bremond") and Jeannette Bremond–Piquet ("Bremond–Piquet"), purchased a Certificate of Deposit ("CD") in 1985 from Vernon Savings and Loan ("Vernon") of Vernon, Texas, with funds received pursuant to a revocable testamentary trust established by and on behalf of the two sisters as grantors and trustees for six named beneficiaries. The CD was rolled over every three months until 1987, when Vernon was placed in receivership because it became insolvent. Vernon was insured by the Federal Savings and Loan Insurance Corporation ("FSLIC").

In April 1989, FSLIC determined that only $100,000 of the account, which then amounted to $188,701.73, was insured. *See* Letter of Andrew J. Pantos to Susan Lill (April 3, 1989) (attached as Ex. D to Dec. of Richard Bogue). FSLIC made that determination after it had conducted a full inquiry into the facts and received, among other things, two sworn declarations. In the first declaration, dated March 6, 1988, both Bremond and Bremond–Piquet affirmed that Bremond had contributed 100 percent of the funds deposited in the testamentary trust account invested at Vernon. In the second declaration, executed eight months later on November 1, 1988, the sisters indicated that each of them had contributed 100 percent of the fund.

FSLIC, acting on the basis of the first declaration, concluded that, at the time of deposit, the funds were owned by Bremond alone, and that, therefore, because none of the trust beneficiaries was her spouse, child or grandchild, only $100,000 was insured under the pertinent FSLIC regulation. *See* 12 C.F.R. § 564.4 (1989). That regulation provided in relevant part as follows:

(a) Funds owned by the individual and invested in a revocable trust account, ...

evidencing an intention that on his death the funds shall belong to his spouse, child or grandchild, shall be insured up to $100,000 in the aggregate as to each such named beneficiary, separately from other accounts of the owners.

(b) If the named beneficiary of such account is other than the owner's spouse, child or grandchild, the funds in such account shall be added to any individual accounts of such owner and insured up to $100,000 in the aggregate.

Thereafter, acting on a request for reconsideration, the Federal Deposit Insurance Corporation ("FDIC")[1] affirmed by final decision on September 18, 1989 (attached as Ex. F to Def.Memo.). Thus, the $88,701.73 in the account in excess of the $100,000 federal insurance limit remained uninsured. All named trustees and beneficiaries brought suit in this Court in a complaint filed September 6, 1991.

### Standard of Review

■ Before turning to the merits, it is necessary to resolve a dispute between the parties as to the appropriate standard of review. Plaintiffs seek a trial de novo or an independent determination by the Court based on the full record. FDIC contends that the arbitrary-capricious standard of the Administrative Procedure Act controls.

In *Coit Independence Joint Venture v. Federal Savings and Loan Insurance Corporation*, 489 U.S. 561, 109 S.Ct. 1361, 103 L.Ed.2d 602 (1989), the Supreme Court held that FSLIC did not have authority to adjudicate state law claims brought against institutions for which FSLIC had been appointed receiver, and that, therefore, de novo review was appropriate in such cases. However, the decision did not resolve the issue presented by this case of FSLIC's authority over claims against it as insurer, rather than receiver. *Cf. Godwin v. FSLIC*, 806 F.2d 1290, 1291 n. 1 (5th Cir. 1987) (distinguishing the two roles of FSLIC). Here the Court is reviewing the action of a federal agency dispensing federal benefits under a federal insurance plan established and operated according to federal statutes and regulations. Under these circumstances, the Court's authority is limited. FDIC's action may be set aside only if it is arbitrary, capricious, an abuse of discretion or contrary to law. *See* 5 U.S.C. § 706. The Court thus rejects plaintiffs reliance on *Coit* and follows the Fifth Circuit's analysis in *Hymel v. Federal Deposit Ins. Corp.*, 925 F.2d 881, 882–83 (5th Cir. 1991).

### Merits

■ The FDIC acted reasonably and in full compliance with the governing statute and regulations in concluding that Bremond alone owned the funds deposited, as both sisters had stated in their first sworn declaration.

The later declaration, in which both sisters claimed to be owners, was rejected by FSLIC and by its successor, FDIC. Pursuant to its broad statutory authority to regulate federal insurance coverage—in particular, to guard against attempts to evade the insurance limit of $100,000—*see* 12 U.S.C. § 1728 (1988); 112 Cong.Rec. 26472–73 (daily ed. Oct. 13, 1986) (remarks of Sen. Robertson), FSLIC promulgated regulations defining an owner of funds as the person who contributed those funds at the time of initial deposit. *See* 12 C.F.R. § 564.4. The sisters' first declaration asserted that Bremond alone was the initial contributor. FDIC rejected the assertion of the second declaration that both sisters were the initial contributors, at least in part because the sisters failed to supplement that assertion with any extrinsic evidence (such as a gift tax receipt), as is required by the *FSLIC Manual for Insurance Determinations* (Feb. 1, 1989). *See* Letter from Mary A. Creedon to Susan Lill (Sept. 18, 1989) (Exh. 14 to Pl.Opp.Memo.). FDIC found that neither the boilerplate language in the trust agreement that purported to characterize the contribution of one trustee as a gift to the other trustees—

---

1. The Financial Institutions Reform, Recovery and Enforcement Act of 1989, which abolished FSLIC, among other things, requires FDIC as the new manager of the FSLIC Resolution Fund to base its insurance determinations concerning existing accounts on FSLIC prior regulations and interpretations. *See* 12 U.S.C. § 1437 Note.

language that is found in every such form trust account—nor the action of the sisters in periodically rolling over the account, were sufficient to satisfy the requirement for extrinsic evidence.

The Court cannot find that FDIC's decision was arbitrary or capricious. Despite the boilerplate language and the theoretical availability of the funds to both sisters, there is no evidence in the record that there ever was a consummated gift from Bremond to Bremond–Piquet. Moreover, the mere fact that the sisters acted to roll over the account does not change the identity of the initial contributor. Plaintiffs have invoked various provisions of state law relating to the rights of trustees and owners of money, but all of those arguments are tangential to the central issue, which is governed by federal statutes and regulations that have developed without reference to the intricacies of conflicting state law.

In short, as FDIC notes, to allow Bremond to claim more than the $100,000 maximum on her revocable trust account simply by adding trustees' names would be contrary to the entire statutory scheme and contrary to the regulations. Moreover, because none of the beneficiaries was directly related to Bremond as specified by 12 C.F.R. § 564.4(a), she cannot claim additional insurance coverage under that section. Stated simply, there being no competent proof that Bremond–Piquet deposited any money in the account, the amount of coverage is limited to the $100,000 allowed by FDIC to Bremond.

Judgment shall be entered for FDIC. An appropriate Order is filed herewith.